AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ALBERTO DAMIAN LAGE<br><br>*Defendant(s)* | )<br>)<br>) Case No. 18-8263-DLB<br>)<br>)<br>) |

FILED by SP D.C.

JUN 05 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __02/01/2018 - 03/06/2018__ in the county of __PALM BEACH__ in the __SOUTHERN__ District of __FLORIDA__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 879(a) | Making Threats Against Immediate Family of the President; and |
| 18 USC § 876(c) | Mailing Threatening Communications |

This criminal complaint is based on these facts:

    PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Steven Chandler II, Special Agent, USSS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __06/05/2018__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__  Hon. Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT
## Case No. 18-8263-DLB

Your affiant, Steven G. Chandler II, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent of the United States Secret Service (USSS), and I have been so employed since August, 2015. I am presently assigned to the West Palm Beach Resident Office and have received extensive training in the investigation of counterfeit currency, identity theft, check fraud, bank fraud, and access device fraud among other things. I am an investigative or law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make arrests for any felony offenses cognizable under the laws of the United States, under the authority of Title 18, United States Code Section 3056(c)(1)(C).

2. The information in this affidavit is based on my personal knowledge and information obtained from other law enforcement personnel, and other individuals who have personal knowledge of the facts. The information set forth herein is provided solely for the purpose of establishing probable cause in support of the criminal complaint charging Alberto Damian Lage, (**LAGE**) with threats to Former Presidents and certain other persons under the authority of the United States, in violation of Title 18, United States Code, Section 879 and mailing a threatening communication, in violation of Title 18, United States Code, Section 876. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not include all of the details of the investigation of which your affiant is aware.

3. On account of his training and experience, your affiant is aware that:

a.) All Palm Beach County Sheriff's Office detention facilities, and the Palm Beach

County Public Defender's and State Attorney's Offices are located within Palm Beach County and the Southern District of Florida.

b.) Title 18, United States Code, Section 879(a), makes it a federal felony offense to "willfully threaten to . . . inflict bodily harm upon . . . (2) a member of the immediate family of the President." With respect to violations of Title 18, United States Code, Section 879(a)(2), the term "immediate family" is defined by federal law to include "a person to whom the President, . . . (i) is related by blood." I am aware that at all times material hereto, Ivanka Trump is and was the daughter of the President of the United States.

c.) Title 18, United States Code, Section 876(c) makes it a federal felony offense to "knowingly . . . deposit or cause to be delivered [by the U.S. Postal Service], any communication with or without a name designating mark subscribed thereto, <u>addressed to any other person</u> and containing any threat to . . . injure the person of the addressee <u>or another</u>" (emphasis added).

4. In March of 2018, Investigator Michael Fincannon with the Office of the State Attorney, 15th Judicial Circuit, contacted the USSS West Palm Beach Resident Office in regards to a threatening letter written to the President of the United States's daughter, Ivanka Trump, and a female who shall be identified herein as NC, who at the time of the writing of the letter was employed as an Assistant State Attorney (ASA) in Palm Beach County, Florida. Those letters were written by a Palm Beach County Jail inmate, Alberto Damian LAGE, who was serving a jail sentence in the Palm Beach County Detention Center for a previous state offense.

5. On March 9, 2018, your affiant responded to the Office of the State Attorney (SAO), located at 401 N. Dixie Highway, West Palm Beach, Florida 33401, to retrieve the letters LAGE wrote from SAO Investigator Fincannon. Investigator Fincannon explained to your affiant

2

that while LAGE was in jail he wrote a series of letters which related in graphic detail the sexual acts which LAGE stated he wanted to perform upon the addressees of the letters.

6. Based on the information provided to your affiant by the Palm Beach County State Attorney's Office investigators, the threatening letter written to ASA NC was dated (by its author) "2-1-2018" and was time stamped 2-16-2018. Palm Beach County Jail outgoing mail log records record it having been mailed on February 16, 2018. The envelope for the threatening letter to Ivanka Trump bears a West Palm Beach, Florida, postmark, in this case dated March 6, 2018, and a return address of "The Revererend Alberto D. Lage, The West Detention Center, . . . Belle Glade, Florida 33430."

7. Your affiant read the letter addressed to Ivanka Trump and confirmed the letter contains a threat to inflict bodily harm on a person protected by the United States Secret Service. LAGE states in the letter, "I want to…tear you and break you and rip you and gap you and hump you and ride you and bump you and bump and grind you and rock you and thump you and rock rhythm thump you deeper and lump you all up and raipe you and fuck you hard and with gusto and spank you in deep" [sic].

8. Your affiant also read the letter addressed to the Assistant State Attorney NC and confirmed the letter contained a threat to injure the addressee. LAGE states in the letter, "I want to…break you down deeper and raipe you and fuck you hard and with gusto." LAGE continues, "when I am released from Belleglade West Detention Center, I will be searching for you and looking for you and finding you too, so you and I can have a release my dilicious sweetheart Nicole" [sic].

9. After learning of the receipt of the aforementioned letter ASA NC provided the following sworn statement to investigators of the Palm Beach County State Attorney's Office:

> I have been a prosecutor for almost two years. The first nine months I handled strictly domestic violence cases. It was obvious that people involved, both defendants and witnesses alike, didn't like what I was doing for merely doing my job. Individuals would mutter under their breath, maybe reference me on a jail call, but never wished me any actual harm. I then began prosecuting cases in county court when I first became aware of Alberto Lage.
>
> Lage was accused of indecent exposure on two separate accounts. I found the facts of the cases, the statements of the witnesses, and his criminal history troubling. Mainly because young women were trying to either do their job or get through their day and were subjected to Lage not only exposing himself to these women, but masturbating. I took these cases very seriously due to their nature. I never spoke to the man but we would both be in the courtroom when his cases were being addressed.
>
> A few months into the prosecution the Judge's judicial assistant received a letter from Lage. Again, I was bothered by the facts. Explicitly indicating the things he wished to do to her, and his other "prosecutor wives" made everyone in the courtroom uncomfortable. As such, his cases were transferred out of the courtroom and I was no longer involved.
>
> Almost a year after I was on these cases I was made aware by [PBCSAO] Chief Investigator [William] Fraser that Lage wrote yet another disgusting letter. This letter was addressed specifically to me.
>
> Knowing this individual's criminal history, knowing the cases against this individual, to say I felt sick would be an understatement. I was then given a copy of this letter. It contained not only graphic but gruesome and violent plans of my rape he had for me when he was released. This letter scared me for the first time in my, albeit short, career. Outside of my career, this letter scared me for the first time as a woman.
>
> The Friday night Chief Investigator Fraser told me about the letter I had terrible nightmares. I returned to work the next Monday, knowing he was in custody. Even still, my walk from the parking lot, which he specifically mentioned, has changed to this day. I am scared walking into work in the morning, in broad daylight, with plenty of people around. At night, walking back to my car is worse. I refuse to walk alone. I know he was in custody but I can't forget the threats that were made.

My co-workers joke that I'm very tough with my cases, that I'm not easily shaken or scared. I'm not offended easily. Since these threats were made, my co-workers have noticed a change in me if the topic arises. The man is in custody and yet I can't help but look over my shoulder. My father, who is a retired police officer, wants to relocate from Jacksonville to serve as my personal bodyguard, or at the minimum wants me to get a concealed carry permit.

Admittedly, my father has held this belief since I began working here, but it is only now that I have actually considered it.

I fear for my safety for doing my job. I fear for my safety for being a woman. I fear for my safety because Alberto Lage has forced me to.

10.     Your affiant has reviewed the aforementioned letters, each of which was contained in envelopes bearing Palm Beach County U.S. Postal Service postmarks. Per information related to your affiant by Detective Mario Rodriguez of the Palm Beach County Sheriff's Office, Violent Crime Division, who is responsible for investigation criminal offense perpetrated from or within the Palm Beach County Detention Facilities, LAGE was incarcerated at the Palm Beach County Jail, West Detention Center, at the time of mailing of the letters on March 6, 2018.

11.     Your affiant further noted that the writer of the aforementioned letters and accompanying envelope has a very unique, consistent, and distinctive handwriting style. Your affiant is aware that on or about April 24, 2018, and April 27, 2018, Palm Beach County Assistant Public Defenders (APDs) Alexandra Antonacci and Maura Short filed separate Petitions for Injunction for Protection Against Stalking in Palm Beach County Circuit Court Case Nos. 2018DR004021 and 18DR003861XXXXMB, respectively. In their petitions, both APDs alleged LAGE had written them letters threatening them with sexual violence, and attached copies of the correspondence at issue. The petitions were ultimately granted against LAGE following a hearing at which LAGE was present and permitted to participate on May 1,

5

2018. Your affiant notes that he has compared the handwriting of the letters addressed to both APDs and the letters to Ivanka Trump and ASA NC, and they appear to have been written by one and the same person, both exhibiting the same distinctive handwriting characteristics.

12.   On May 24, 2018, USSS Special Agents Solomon J. Yankwitt and David Miller (USSS/WPB) met with LAGE at the Palm Beach County Jail for the purpose of serving him with a subpoena to obtain handwriting exemplars. The subpoena advised that LAGE could provide the exemplar to the agents in lieu of personal appearance before the investigatory body, or insist upon being transported before the investigatory body. LAGE elected to provide the requested handwriting exemplars at the jail. Thereafter, LAGE completed a Secret Service Form 1607D (handwriting exemplar form) and provided handwritten specimens of portions of the letter addressed to Ivanka Trump.

13.   Your affiant was advised by USSS S/A Yankwitt that, during the meeting, while S/A Yankwittl was dictating a portion of the letter to LAGE so he could write such down in his (LAGE's) handwriting, LAGE spontaneously stated that he wrote and signed his name on the letter. LAGE continued to say, without further questioning or provocation from either S/A Yankwitt or S/A Miller in any way, that he (LAGE) was sincere in his words and believes they were very expressive.

14.   As mentioned previously above, your affiant has observed that the author of the letters addressed to both APDs, ASA NC, and to Ivanka Trump (hereinafter collectively "the threatening letters") manifested extremely consistent and distinctive handwriting characteristics in all of those letters, suggesting to your affiant that they were clearly written by one and the same person. Because neither your affiant or S/A Yankwitt is a certified forensic handwriting

examiner/expert, arrangements were made to provide the originals of the aforementioned threatening letters, together with the handwriting exemplars provided by LAGE to S/As Yankwitt and Miller, to a forensic handwriting expert at USSS Headquarters in Washington, D.C., for forensic comparison purposes.  S/A Yankwitt advised your affiant, however, that in his lay opinion, LAGE's distinctive handwriting in the exemplars was entirely consistent – if not identical – to that of the author of the threatening letters.

15. Based upon the foregoing, your affiant submits that there is probable cause to charge LAGE with having knowingly mailed a threatening communication to a person protected by the United States Secret Service in violation of Title 18, United States Code, Section 879, and knowingly mailing a threatening communication to an Assistant State Attorney in violation of Title 18, United States Code, Section 876.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

STEVEN CHANDLER II
SPECIAL AGENT
U.S. SECRET SERVICE

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 5th DAY OF JUNE, 2018,
AT WEST PALM BEACH, FLORIDA.

HON. DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:     ALBERTO DAMIAN LAGE

Case No.:   18-8263-DLB

### Count # 1
Making Threats Against Immediate Family of the President
Title 18, United States Code, Section 879

**Max. Penalty**: 0-5 years' imprisonment; maximum fine of $250,000; 0-1 year term of supervised release; and, a $100.00 special assessment.

### Count # 2
Mailing Threatening Communications
Title 18, United States Code, Section 876

**Max. Penalty**: 0-5 years' imprisonment; maximum fine of $250,000; 0-1 year term of supervised release; and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-8263-DLB

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

ALBERTO DAMIAN LAGE,

                    Defendant.
_____/

FILED by SP D.C.
JUN 05 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes        X **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes        X **No**

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes        X **No**

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY: *(signature)*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov